# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINNAVATIONS LLC. § § | |
| Plaintiff, § § | Case No: |
| vs. § § | **PATENT CASE** |
| STITCH LABS, INC. § § | |
| Defendant. § § | |

## COMPLAINT

Plaintiff Finnavations LLC ("Plaintiff" or "Finnavations") files this Complaint against Stitch Labs, Inc. ("Defendant" or "Stitch Labs") for infringement of United States Patent No. 9,569,755 (hereinafter "the '755 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with an office located at 3415 Custer Rd., Suite 120-B, Plano, Texas 75023.

4. Upon information and belief, Defendant is a Delaware corporation with its principal place of business at 489 Clementina Street, San Francisco, CA 94103.

5. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted

business in this District, and/or has engaged in continuous and systematic activities in this District.

6. Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

7. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Defendant is deemed to reside in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 9,569,755)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '755 Patent with sole rights to enforce the '755 Patent and sue infringers.

11. A copy of the '755 Patent, titled "Financial Management System," is attached hereto as Exhibit A.

12. The '755 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The '755 Patent was issued on February 14, 2017 after all claims of the '755 Patent overcame Examiner's claim rejections under 35 USC § 101 raised in the Examiner's June 14, 2016 non-final rejection.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claims 9 and 17 of the '755 Patent by making, using, importing, selling, and/or offering for sale a financial management system, including the Stitch

Lab platform and any similar products and/or services ("Product"), covered by at least Claims 9 and 17 of the '755 Patent. Defendant has infringed and continues to infringe the '755 Patent in violation of 35 U.S.C. § 271.

14.     Regarding Claim 9, Defendant sells, offers to sell, and/or uses the Product, which provides for delivery of transaction data (e.g., data regarding invoice payment is transferred to the Stitch Labs Platform) to a financial management program (e.g., Stitch Labs Platform residing on a cloud server). Certain aspects of this element and other elements referred to below are illustrated in the following screenshots.






https://www.stitchlabs.com/



https://www.stitchlabs.com/lp/cloud-based-inventory-software/



https://support.stitchlabs.com/customer/portal/articles/1511754

15.     The Product uses a network device (e.g., a laptop, computer, or a desktop) to conduct an online financial transaction (e.g., a user can use the Stitch Labs platform to send invoices to customers and receive payment) with a commercial web server (e.g., the credit card processing server utilized to process a customer invoice payment).  Certain aspects of these elements are illustrated in the following screenshots and/or in screen shots provided in connection with other allegations herein.



https://support.stitchlabs.com/customer/portal/articles/1511754

You'll have the option to customize the recipient, subject line, and message. Your customer will receive an email with a personalized link:



https://support.stitchlabs.com/customer/portal/articles/1511754

The link directs customers to a secure invoice page where they can pay by PayPal or credit card (no PayPal account required):



Once your customer successfully applies payment, payment details will flow into Stitch upon the next sync, updating the order payment status.

https://support.stitchlabs.com/customer/portal/articles/1511754

16. The Product utilizes a financial assistant (e.g., Stitch Labs platform) on a network device (e.g., a desktop, a laptop or a computer) to search a set of transmitted data related to online financial transactions (e.g., Stitch Labs platform must analyze the data transmitted during an invoice payment in order to determine and display the current status of said invoice on a user dashboard). Certain aspects of these elements are illustrated in the following screenshots and or screen shots provided in connection with other allegations herein.



https://support.stitchlabs.com/customer/portal/articles/1511754

You'll have the option to customize the recipient, subject line, and message. Your customer will receive an email with a personalized link:



https://support.stitchlabs.com/customer/portal/articles/1511754

The link directs customers to a secure invoice page where they can pay by PayPal or credit card (no PayPal account required):



Once your customer successfully applies payment, payment details will flow into Stitch upon the next sync, updating the order payment status.

https://support.stitchlabs.com/customer/portal/articles/1511754



17. The financial assistant on the network device determines whether the searched data comprises transaction data for the online financial transaction (e.g., Stitch Labs platform must determine if particular invoice payment data is related to a particular invoice so that it can correlate a particular payment to particular invoice and display the status of said invoice accurately). Certain aspects of these elements are illustrated in the screen shots provided in

connection with other allegations herein.

18. When searched data (e.g., transaction date related to invoice payments) comprises transaction data in a first data structure (e.g., the data structure utilized to consummate a banking transaction on a processing server) compatible with conducting the online financial transaction (e.g., the online payment of an invoice), Defendant copies and stores by the financial assistant on the network device (e.g., Stitch Labs platform operating on a computer, laptop, or desktop) the transaction data (e.g., basic information included in the payment of an invoice such as the payment amount) and additional transaction data not included in the transmitted transaction data (e.g., the invoice application will combine basic information such as the payment amount to other information relating to the invoice such as the client name, and status of the order payment) into a second data structure compatible with the financial management program (e.g., the data structure utilized by the Stitch Labs platform to allow for the storing and display of compiled invoice data). Certain aspects of these elements are illustrated in the screen shots provided in connection with other allegations herein.

19. Regarding Claim 17, the Defendant utilizes a network device that is at least one of a terminal device (e.g., desktop, laptop or computer) and a computer server (e.g., cloud computing). Certain aspects of these elements are shown above in connection the paragraphs discussing Claim 9 and the screen shots provided below and elsewhere herein.



https://www.stitchlabs.com/




https://www.stitchlabs.com/



20. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

21. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

22. Plaintiff is in compliance with 35 U.S.C. § 287.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order Enjoining Defendant, its agents, officers, servants, employees,

attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 9,569,755 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: March 22, 2018                              Respectfully submitted,

*/s/Stamatios Stamoulis*
**STAMATIOS STAMOULIS (#4606)**
**STAMOULIS & WEINBLATT LLC**
Two Fox Point Centre
6 Denny Rd.
Suite 307
Wilmington, DE 19809
(302) 999-1540
stamoulis@swdelaw.com

**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
Tel: (214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**