# Exhibit C

5929.120157                                                                PATENT APPLICATION

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Applicant: | Elizabeth Rose Dyor |
| Serial No.: | 13/398,860 |
| Conf. No.: | 4540 |
| Filed: | February 17, 2012 |
| For: | FINANCIAL MANAGEMENT SYSTEM |
| Art Unit: | 3687 |
| Examiner: | Andrew J. Rudy |

## AMENDMENT C

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

     In response to the Non-Final Office Action mailed July 20, 2015, please see the following:

     Amendments to the Claims begin at page 2 of this paper.

     Remarks begin at page 6 of this paper.

     The Commissioner is hereby authorized to charge fees which may be required to this application under 37 C.F.R. §§1.16-1.17, or credit any overpayment, to Deposit Account No. 07-2069.

independent claims 1 and 9 are not directed to performing a business payment transfer as stated in the Office Action, but are directed to intercepting/searching data as well as copying/transforming data from one data structure to another.

Without a clear articulation of the reasoning why the claimed invention is an abstract idea, Applicant has no ability to rebut such a statement nor know in what way to amend the claims to overcome such a rejection. Further, the Office Action also does not clearly articulate any reasoning that the additional elements, which include generic computer components or generic computer functions, do not amount to significantly more than an abstract idea. Instead, the Office Action simply makes a conclusory statement that functions the additional elements of claim 1 and 9 are generic computer functions and generic computer components that amounts to nor more than using computer technology to provide a common knowledge transaction without any further reasoning. The July 2015 Update: Subject Matter Eligibility makes clear that a claim reciting a generic computer component performing a generic computer function is not necessarily ineligible. (July 2015 Update: Subject Matter Eligibility, p.7). Instead, the claim as a whole should be analyzed whether generic computer components are able in combination to perform functions that are not merely generic. (July 2015 Update: Subject Matter Eligibility, p.7). The Office Action simply makes conclusory statements, with no analysis, that the claim recites generic functions implemented by generic computer components.

**B. Amended Claim 1 Is Not Directed to an Abstract Idea and Includes Specialized Computer Components that Implement Specialized Computer Functions That Solves a Problem Unique to E-commerce Transactions Implemented Across Computer Networks**

Although the Office Action has not made a *prima facie* case in its rejection under 35 USC 101, Applicant has attempted to amend claims 1 and 9 to overcome the rejections and progress claim 1 to allowance. As recited above, independent claims 1 and 9 in part, to intercepting or searching data in a first data structure and copying the data into a second data structure compatible with a personal financial program *not to the abstract idea of performing a business payment transfer as stated in the Office Action*. Further, as stated by the *July 2015 Update: Subject Matter eligibility*, an abstract idea is defined by example. Applicant submits that amended claims 1 and 9 are not directed to an abstract idea because the claimed invention is not similar to any example

8

Thus, based on the preceding remarks, Applicant submits that the rejection under 35 USC 101 against independent claims 1 and 9 be withdrawn and claims 1 and 9 progress to allowance. Further, dependent claims 2-8 and 10-21 depend directly or indirectly upon independent claims 1 and 9 such that dependent claims 2-8 and 10-21 should be patentable for at least the same reasons as independent claims 1 and 9.

### III. Conclusion

For the foregoing reasons, Applicant believes that this case is in condition for allowance, which is respectfully requested. The Examiner should call Applicant's attorney if an interview would expedite prosecution.

Respectfully submitted,

GREER, BURNS & CRAIN, LTD.

October 20, 2015
300 South Wacker Drive, Suite 2500
Chicago, Illinois  60606
(312) 360-0080
Customer No. 97498

By:  /ATANU DAS/
Atanu Das
Registration No. 62,413